# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

HESCO PARTS, LLC                                                                    PLAINTIFF

v.                                                              NO. 3:02-CV-736-S

FORD MOTOR CO., et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The defendants, Ford Motor Company and Visteon Corporation, move to compel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the plaintiff, Hesco Parts, LLC, to state in discovery responses what damages the plaintiff seeks in this litigation. For reasons stated below, the court will grant the motion.

The plaintiff filed suit in December 2002 alleging breach of contract, bad faith, tortious interference, unjust enrichment, fraud, and other claims in equity, for the loss or termination of a fifty-year relationship with Ford as a re-manufacturer and distributor of Ford automotive parts to the benefit of a competitor re-manufacturing company, Visteon, a wholly-owned subsidiary of Ford. In its first amended complaint, the plaintiff alleges its damages are likely to exceed $20 million.[1]

The plaintiff has provided no initial disclosure on damages. In response to interrogatories served in 2004, the plaintiff states that its expert's report will contain information responsive to the request and that certain witnesses have knowledge of the facts underlying the damages claim. The plaintiff's counsel further explained to the court, in a teleconference on August 16, 2007, that the damages claim requires a complex valuation of a business loss.

---

[1] First Amended and Supp. Compl. (docket no. 29) at ¶ 90.

Because a valuation or prediction of future profits is not a simple mathematical calculation, the plaintiff argues, only its retained, expert economist can provide a scientifically based response to the interrogatory. From the plaintiff's perspective, the defendants improperly seek early disclosure of an expert report during the ordinary course of discovery. The plaintiff argues for adherence to the court's scheduling order, which affords the defendants' experts, who have discovery of the underlying facts, adequate time to work from the plaintiff's expert report in formulating an opposing report.

The defendants argue that because the plaintiff's expert disclosures are due after the close of discovery, the plaintiff's delay in providing damages discovery gives the plaintiff unfair advantage and flaunts the initial disclosure obligations under the civil rules. They argue that because initial disclosures are mandatory, the plaintiff's reliance on expert testimony does not excuse or justify a failure to disclose the basis of its damages averment in the complaint. If there is no basis for the averment or if the lay evaluation is preliminary and likely to be supplanted by an economist's report, then the defense is entitled to such a response in written discovery under oath. The court agrees.

Rule 26 requires a disclosing party to provide "a computation of any category of damages claimed" and make available, generally, documents on which such computation is based. FED. R. CIV. P. 26(a)(1)(C).[2] A party making a claim for damages has the obligation to disclose "the best information then available to it concerning that claim, however limited and potentially changing it may be." 6 James W. Moore, Moore's Federal Practice § 26.22[4][c][ii] (3d ed.

---

[2] A failure to comply with this obligation can result in the exclusion of evidence at trial, under Rule 37, unless a noncompliant party can demonstrate the non-disclosure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1).

2007).

      The court concludes that although the defendants are not entitled to early disclosure of the plaintiff's expert report, the plaintiff's initial disclosures should provide its executives' assessment of damages in light of the information currently available to them in sufficient detail so as to inform the defendants of the contours of their potential exposure. *See San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D.Cal. 2003). The purpose of initial disclosures, after all, is to accelerate the exchange of *basic* information, rather than admissible evidence, and to assist the parties in focusing and prioritizing their organization of discovery. *Id.* It would be useful to the defendants to know, at a minimum, the categories of damages contemplated and the basis of the $20 million averment, as well as whether and to what degree that early assessment has been increased or decreased in the view of Hesco, even if a precise and ultimate computation of damages is more properly to be produced as part of the plaintiff's expert disclosures.

      Accordingly,

      **IT IS HEREBY ORDERED** that the defendants' motion to compel is **GRANTED**. (Docket no. 142.)

      DATE:

Counsel of Record